IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RAYNARD R. JACKSON,

                            Plaintiff,                                    OPINION AND ORDER

    v.

                                                             18-cv-237-wmc

STACEY HOEM, TRACY JOHNSON,
JONI SHANNON-SHARPE, SARAH
MASON, JAMES BOISEN, MICHAEL
HANFELD, LEBBEUS BROWN, DARYL
FLANNERY, DAN ESSER, DAN SUTTERS,
MICHAEL COCROFT, TIMOTHY JONES,
ANTHONY BROADBENT, ELLEN K. RAY,
MARY MILLER, BETH EDGE, JOANN
WATERMAN, JEROME SWEENEY,
TROY HERMANS, and TIM HAINES,

                            Defendants.

*Pro se* plaintiff Raynard R. Jackson, a prisoner at the Green Bay Correctional Institution ("GBCI"), filed a 119-page complaint under 42 U.S.C. § 1983. Jackson claims, among other things, that during different periods of time, defendants -- all health care providers and employees working at the Wisconsin Secure Program Facility ("WSPF") in 2013 -- violated his Eighth and Fourteenth Amendment rights under the United States Constitution, as well as his rights under the Wisconsin Constitution, by (1) subjecting him to inhumane conditions of confinement and (2) failing to provide him adequate medical care. While Jackson's complaint is ready for screening as required by 28 U.S.C. § 1915A, his lengthy, repetitive and confusing allegations violate Federal Rule of Civil Procedure 8. Accordingly, the court will dismiss it without prejudice, giving plaintiff an opportunity to file a proposed amended complaint that corrects the deficiencies outlined below.

OPINION

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct," with the primary purpose being to provide fair notice to defendants so that the court and defendants may "understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Complaints that are unnecessarily lengthy, coupled with repetition and immaterial allegations, may violate Rule 8. Indeed, "length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.'" *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *see also Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."); *Lindell v. Houser*, 442 F.3d 1033, 1034 n.1 (7th Cir. 2006) ("District courts should not have to read and decipher tomes disguised as pleadings.").

While acknowledging that the complexity of certain claims may warrant a lengthy complaint to adequately set forth all necessary allegations, and that conciseness may be particularly challenging for a *pro se* litigant, the bulk of plaintiff's complaint here stems from stream of consciousness, repetitive statements, hyperbolic accusations, legal arguments and case law citations – all of which make the claims he actually seeks to pursue exceptionally difficult to parse. Indeed, his complaint contains 338 paragraphs, which is

2

far more than necessary or appropriate to set forth his claims, much less to do so in a simple and concise manner.

The main thrust of plaintiff's complaint appears to be that during these five, distinct periods of time in 2013 -- May 22-28, June 28-July 2, July 24-July 29, August 22-26, and September 12-16 -- he was placed on observation status and forced to deal with inhumane restrictions and conditions, including a lack of access to water, cells covered in fecal matter, exposure to incapacitating agents, no running water, and inadequate bedding, as well as deliberate indifference to his serious medical needs. He names twenty defendants who were working at WSPF during that time frame, including psychological and medical treatment providers, security staff, the warden and inmate complaint examiners.

The principal problem is that his claims are woven into hundreds of unnecessarily lengthy, disjointed paragraphs, including: (1) assertions about the severity of his claims; (2) recitations of the constitutional duties and prison policies defendants are bound to follow; (3) legal arguments and citations to cases related to his constitutional claims; and (4) almost 20 pages of allegations that an inmate complaint examiner lied and acted with deliberate indifference to his complaints about the conditions of his confinement. Furthermore, plaintiff repeats entire paragraphs at several points within his complaint, substituting the names of different defendants in an effort to adequately plead each defendant's personal involvement. Many of these paragraphs are a half a page in length and include several assertions of fact. These repetitive paragraphs do not follow a chronology of the events comprising his complaint, making it particularly difficult to identify *when* each defendant may have been involved in the relevant events. Finally,

plaintiff seems to have included every possible fact, inference, conjecture and criticism that might bear on his ultimate claims, rather than just set forth the central facts in a few paragraphs. For all of these reasons, the court concludes that plaintiff's 119-page, 338 paragraph complaint violates Rule 8 and will dismiss it without prejudice.

To proceed further with this lawsuit, plaintiff will be required to file an amended complaint, reducing his complaint down to a manageable size by focusing only on essential factual allegations, so that the court can evaluate his claims. If plaintiff submits a proposed amended complaint no later than **May 23, 2019**, the court will take it under advisement for prompt screening under 28 U.S.C. § 1915(e)(2). In crafting any amended complaint, plaintiff must also comply with Federal Rule of Civil Procedure 20, which allows a plaintiff to join as many defendants as he wants in one action, but only so long as the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" *and* a common "question of law or fact" arises as to *all* defendants in the action. Fed. R. Civ. P. 20(a)(2). Rule 20 exists to prevent a plaintiff from "throw[ing] all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

Even if it were possible to tease out the essential claims plaintiff is attempting to pursue from the barrage of disjointed allegations, the breadth of plaintiff's allegations appear to set forth too many unrelated claims to proceed in one lawsuit. For example, plaintiff's complaint appears to be concerned with specific events related to each period of time spent on observation status between May and September of 2013, but he also includes unrelated claims of excessive force, spoliation of evidence, and mistreatment of other

4

inmates. Furthermore, assuming that plaintiff would like to focus this lawsuit on his different stints on observation status, if those events involved different defendants or groups of defendants, plaintiff should restrict his amended complaint to claims against just one defendant or group of defendants, saving any unrelated claims against other groups of defendants for a separate lawsuit(s). An even more specific example would be plaintiff's many allegations related to his time on observation status in May 2013, when he alleges having no access to water. Those events might be an appropriate focus of a more concise and coherent complaint. That said, if the *same*, or at least *some of the same*, defendants were also involved in his various abuses during other of plaintiff's stays on observation status after May and before October of 2013, then plaintiff may still be able to group those related claims in one lawsuit. If not, and plaintiff's amended complaint includes claims or defendants that violate Rule 20, the court may dismiss inappropriate defendants or sever inappropriately joined claims *sua sponte*.

More practically speaking, in preparing his amended complaint, plaintiff should draft it as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. As best he can, plaintiff should also tell his story chronologically, inserting allegations related to each defendant at the time in the chronology of events they became involved. Most importantly, unlike his initial complaint, plaintiff should not set forth details that do not relate *directly* to his claims, nor should he

repeat any of the allegations comprising his claims or devote paragraphs to legal arguments or general grievances about defendants.

After he finishes drafting his amended complaint, plaintiff should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes. If plaintiff submits a proposed amended complaint on or before **May 23, 2019,** the court will screen it as soon as possible under 28 U.S.C. § 1915(e)(2).

ORDER

IT IS ORDERED that:

1. Plaintiff Raynard Jackson may have until **May 23, 2019,** to amend his complaint to address the deficiencies described above.

2. If plaintiff does not file an amended complaint as directed, this case will be closed without further notice. Any amended complaint will be screened in accordance with 28 U.S.C. § 1915(e)(2). **If the amended complaint fails to comply with this order, this action will be dismissed under Fed. R. Civ. P. 41(b).**

Entered this 2nd day of May, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge