IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYNARD R. JACKSON,

                    Plaintiff,          OPINION AND ORDER

     v.

                                         18-cv-237-wmc

STACEY HOEM, JAMES BOLSEN,
DAN SUTTERS, MICHAEL COCROFT,
TIMOTHY JONES, DANE ESSER,
DARRYL FLANNERY, and BETH EDGE,

                    Defendants.

---

*Pro se* plaintiff Raynard Jackson is proceeding in this lawsuit against defendants, all employees of the Wisconsin Secure Program Facility ("WSPF"), on Eighth and Fourteenth Amendment claims related to the conditions of his confinement between May 22 and 28 of 2013. Currently before the court are Jackson's motions for assistance in recruiting counsel and request for a telephonic conference to address his concerns. (Dkt. ##30, 39, 40.) For the reasons that follow, the court is denying Jackson's motions without prejudice, and declines to set this matter for a telephonic conference at this time.

Civil litigants have no constitutional or statutory right to the appointment of counsel. *E.g., Ray v. Wexford Health Sources, Inc.,* 706 F.3d 864, 866-67 (7th Cir. 2013); *Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir. 1997). However, at the court's discretion, it may decide to help recruit counsel to assist an eligible plaintiff who proceeds under the federal in forma pauperis statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono* publico.")

Before deciding whether to recruit counsel, a court must find that the plaintiff has

made reasonable efforts to find a lawyer on his own and has been unsuccessful. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Jackson has met this requirement, having submitted letters from three different law firms declining to represent him. Still, the court is unpersuaded that recruitment of counsel is necessary at this stage.

The central question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Jackson claims that he needs the assistance of an attorney because (1) he has no legal training; (2) he takes psychotropic medication to address various psychological disorders, including adjustment disorder, dyssomnia, anti-social personality disorder, depressive disorder and post-traumatic stress disorder; (3) the prisoner who had been helping him in this lawsuit is no longer available to him; and (4) his current institution, Waupun Correctional Institution ("Waupun"), is locked down due to COVID-19, meaning that he has no access to the law library there.

The court considers plaintiff's arguments for counsel in light of the current demands of this case. So far, the court has screened his amended complaint, and discovery has just begun. The court issued a preliminary pretrial conference order on May 7, 2020, explaining that the parties should begin the discovery process using the Federal Rules of Civil Procedure. Magistrate Judge Crocker also has authorized defendants to take Jackson's deposition. Therefore, Jackson's only immediate obligations include preparing and responding to discovery requests, sitting for a deposition, and, in the near future, possibly responding to a motion for summary judgment on exhaustion grounds. Beyond

detailing the limitations posed by his incarceration and mental health challenges, Jackson does not specify which discovery tasks he cannot complete.

Moreover, Jackson's filings indicate he *can* complete the tasks at hand. To date, he has articulated the factual bases for his claims in a thorough manner, submitted understandable filings, and submitted multiple motions seeking the court's review of his filings. Jackson represents that he no longer has access to the prisoner that has been helping him so far in this lawsuit, but the court cannot consider the assistance of another prisoner as weighing in favor of, or against, the decision to recruit counsel. *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) ("[T]he fact that an inmate receives assistance from a fellow prisoner should not factor into the decision whether to recruit counsel."). Rather, the inquiry is whether *Jackson* can litigate this case, and the court's review of the filings that appear to be in Jackson's handwriting (which include his thorough 30-page amended complaint) are readable and reflect a clear understanding of his claims in this lawsuit and the proceedings thus far. (*See* dkt. ##13, 22, 24, 39, 40.) Furthermore, it appears that Jackson has the ability to engage in the discovery process, since he has personal knowledge of the circumstances surrounding his claims in this lawsuit. Therefore, he is in the best position to explain what he did and what defendants did or did not do in response to the alleged events.

Accordingly, at this point in the litigation, the court is not persuaded that Jackson needs an attorney to litigate his claims. Nor does the court see any reason to hold a telephonic conference at this time. Going forward, Jackson should use the standards laid out in the court's screening order (*see* dkt. #27), as well as the preliminary pretrial

conference order, which explicitly cites to the relevant Federal Rules of Civil Procedure and provides information and guidance about how Jackson should conduct discovery (dkt. #38, at 8-11). These materials should adequately equip Jackson to meet the needs of this lawsuit at this point.

As a final matter, however, Jackson's concern about his ability to litigate this case in lockdown conditions at Waupun is fair. He says that he has multiple things that he needs to file "ASAP," but he has been unable to do so because of a backlog caused by the impact of COVID-19 at his institution. However, since Jackson does not identify what he says he needs to file, and he successfully filed letters with the court on June 8 and June 30, 2020, the court has no basis to infer that Jackson currently cannot access the court in a meaningful way that would necessitate court intervention. That said, the restrictions Jackson describes certainly provide a basis for the court, and defense counsel, to be flexible with Jackson's deadlines in this lawsuit. Should Jackson need additional time to meet any discovery or court-imposed deadlines, he should reach out to defense counsel or the court to obtain extensions.

Accordingly, the court is denying Jackson's motions without prejudice to Jackson's ability to renew renewing his request for assistance in recruiting counsel at a later date should the tasks associated with the prosecution of this case become unmanageable. For now, Jackson should carefully review this court's screening order and preliminary pretrial conference order and do his best to follow the order's guidance to gather any evidence he thinks he might need to prove his claims.

ORDER

IT IS ORDERED that plaintiff Raynard Jackson's motions for assistance in recruiting counsel and request for a telephonic conference (dkt. ##30, 39, 40) are DENIED without prejudice.

Entered this 7th day of July, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge