IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RAYNARD R. JACKSON,

                      Plaintiff,                  OPINION AND ORDER

    v.
                                                        18-cv-237-wmc

DANE ESSER, DARRYL FLANNERY
and BETH EDGE,

                      Defendants.

*Pro se* plaintiff Raynard Jackson is proceeding in this lawsuit against three employees of the Wisconsin Department of Corrections ("DOC") working at its Secure Program Facility ("WSPF"). Specifically, plaintiff was granted leave to proceed against these defendants on Eighth and Fourteenth Amendment claims arising out of the conditions of his confinement at WSPF between May 22 and 28, 2013. The dispositive motion deadline in this case has been stayed because of a discovery dispute. This order is an attempt to get the case back on track.

In particular, on May 24, 2022, defendants filed a motion to compel Jackson's attendance at his deposition, representing that he failed to appear for deposition noticed for May 23, 2022. In light of this failure and the rescheduling of Jackson's deposition on June 22, 2022, defendants also asked that the court stay the June 3, 2022, dispositive motion deadline in this case. Magistrate Judge Stephen Crocker promptly granted the motion to stay the dispositive motion deadline, but set defendants' motion to compel for briefing. (Dkt. #92.) Since Jackson responded that he had been willing to sit for the deposition but objected to being restrained during it, and defense counsel confirmed that

the deposition had been rescheduled for June 22, 2022, Judge Crocker denied the motion to compel on June 8 and asked for a status update. (Dkt. #99.)

In response, Jackson has now filed multiple motions between June 9 and 27. In addition to lodging complaints about both this court's and Judge Crocker's attention to his filings, he asks the court to (1) reverse Judge Crocker's order, (2) sanction defense counsel for lying, (3) set his request for sanctions for a hearing, (4) recruit counsel for him, and (5) set this matter for mediation. (Dkt. ##100, 102, 103, 106.) In turn, defendants represent that: Jackson has now been successfully deposed on June 22; and defense counsel had been told *by institution staff* that Jackson refused to attend his earlier scheduled deposition on May 23.

For the reasons that follow, the court will now (1) deny Jackson's motion for sanctions; (2) deny without prejudice Jackson's request for counsel; (3) encourage the parties to engage in mediation; and (4) reset the dispositive motion deadline.

OPINION

As an initial matter, Jackson continues to fault the court for allegedly showing bias in favor of defendants, claiming that the court ignores his filings while promptly addressing defendants' submissions. This has been a consistent complaint of Jackson's throughout this lawsuit, and the court will again emphasize that its rulings are not the result of bias by any member of this court in whole or even in part. Moreover, Jackson faults this court for delays in ruling on his more recent submissions, but the court has a heavy caseload and Jackson cannot reasonablly expect a prompt ruling on what seems to be knee-jerk

objections to virtually any ruling by Magistrate Judge Crocker in this case, no matter how obviously justified those rulings may be. Instead, the speed of the court's rulings in this case will continue to reflect its practice of prioritizing the most pressing issues before it. Accordingly, Jackson's continued complaints of this nature will be ignored, other than striking a motion entirely from the record as a sanction for uncivil filings.

As for Jackson's request for sanctions, he claims that AAG Emer lied to this court in defendants' motion to compel by attesting that Waupun Correctional Institution staff informed him that Jackson was refusing to leave his cell or attend the deposition. (*See* Emer Decl. (dkt. #91) ¶¶ 5-6.) Jackson maintains that he cooperatively left his cell and was prepared to be deposed, provided he not be restrained during his deposition. This is a distinction without a difference. Even accepting that Jackson only objected to being restrained during the deposition and was otherwise cooperative during his transport, Jackson has *not* shown that AAG Emer made a knowing misrepresentation to the court in his declaration. To the contrary, as Emer explains, he made that representation based on an email from a paralegal, who told Emer that Waupun staff was reporting that Jackson was not cooperating. (*See* dkt. #105, at 2.) Moreover, this was an eminently reasonable representation, since it was up to Waupun to decide what constraints were appropriate during the deposition, *not* Jackson.

While Jackson now faults Emer for failing to follow up with the institution himself to find out more about Jackson's conduct, there is *no* evidence that Emer had reason to believe Jackson was trying to cooperate, much less justifiably objected to being restrained

during his deposition. Accordingly, the court will deny Jackson's request that the court sanction AAG Emer.

The court will similarly deny Jackson's remaining requests for relief. First, he asks that the court reverse Magistrate Judge Crocker's decision to stay the dispositive motion deadline, claiming that the Magistrate issued an order on defendants' motion to compel before Jackson actually received a copy of that motion. Second, Jackson objects to any involvement of Judge Crocker in these proceedings, based on an alleged bias against him. Upon review, Judge Crocker's rulings appear both proper and unbiased. Since defendants filed their motion to compel on May 24, 2022, with the dispositive motion deadline set for June 3, 2022, and defendants indicated that the deposition had been successfully rescheduled for June 22, it made perfect sense for Judge Crocker to stay the dispositive motion deadline until Jackson's deposition had been taken. In any event, Jackson does not explain how this stay has prejudiced him *in any way*. Moreover, Judge Crocker *denied* defendants' motion to compel as moot, crediting *Jackson's* response that he did not object to being deposed. Although Jackson continues to be intent on lodging unfounded claims of bias and misconduct against judges in this court, he merely seems to be disagreeing with the court's rulings, even those that, confusingly enough, are intended to benefit him and his claims.

In addition, Jackson asks that the court recruit counsel for him and to set this matter over for mediation. The court declines to recruit counsel for Jackson, for the same reason it has previously denied this request during this lawsuit in the past: Jackson advocates aggressively for himself and nothing before the court suggests that he cannot litigate this

4

lawsuit. Furthermore, even if the court were to conclude that he was not adequately representing himself, Jackson's combative approach towards this court and defense counsel leaves the court with very serious misgivings as to his ability to work well with recruited counsel, much less accept well thought out legal advice and litigation strategy, unless *in total accord* with his own thinking. Nevertheless, should this case survive summary judgment and proceed to trial, the court may be willing to revisit Jackson's request for counsel, but in renewing this request, Jackson should take care to describe in *detail* the tasks he is unable to perform without an attorney *and* demonstrate a commitment to engage civilly going forward with the court, opposing counsel and any recruited counsel.

Finally, this court does not order parties to participate in mediation, so Jackson's final request will also be denied. That said, defendants have indicated that they intend to reach out to Andrew Wiseman to set this matter for a mediation. The court strongly encourages the parties to engage in *constructive* settlement discussions and mediation to informally resolve this lawsuit. Although the court resets the dispositive motion deadline below, if the parties need additional time to accommodate their attempts at settlement, they may seek leave to adjust that schedule modestly.

ORDER

IT IS ORDERED that:

1) Plaintiff Raynard Jackson's motions for sanctions (dkt. ##100, 102, 103, 107) are DENIED. Jackson's request for recruitment of counsel in particular is DENIED without prejudice.

5

2) The dispositive motion deadline is **July 29, 2022.**

Entered this 29th day, of June, 2022.

                BY THE COURT:

                /s/

  &nbsn;             _____
                WILLIAM M. CONLEY
                District Judge